IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITIZENS CARING FOR THE FUTURE,
NEW MEXICO INTERFAITH POWER
AND LIGHT, CENTER FOR
BIOLOGICAL DIVERSITY, and
WILDEARTH GUARDIANS,

        Plaintiffs,

v.

DEB HAALAND, in her official capacity as
U.S. Secretary of the Interior, and UNITED
STATES BUREAU OF LAND
MANAGEMENT,

        Federal Defendants.

Case No. 2:23-cv-60-GBW-KRS

## FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' AMENDED PETITION FOR REVIEW OF AGENCY ACTION

    Federal Defendants hereby respond to Plaintiffs' Amended Petition for Review of Agency Action, ECF No. 39 ("Petition"), as follows:

    1.    Plaintiffs' Petition alleges that the United States Bureau of Land Management ("BLM") (through its Officers, the named Federal Defendants) has violated various provisions of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m-12, in "re-authorizing" thirty-two oil and gas leases in lands managed by the BLM's Carlsbad Field Office ("CFO"), as well as in approving several applications for permit to drill ("APDs") on those leases.  ECF No. 39, ¶ 1.

    2.    Because NEPA does not provide for private rights of action against Federal Defendants, the claims presented in Plaintiffs' Petition are cognizable, if at all, only pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-

1

706. *See, e.g., Wyoming v. U.S. Dep't of Agric.*, 661 F.3d 1209, 1226 (10th Cir. 2011) (stating that because NEPA does not provide a private right of action, the court reviews the agency's decision as final agency action under the APA); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1221 (D.N.M. 2014) ("The APA describes the exclusive mechanism—unless another mechanism is specifically provided by statute—by which the federal district courts may review the actions of federal administrative agencies."). Plaintiffs' Petition at least tacitly recognizes this restriction on judicial review of their claims. *See* ECF No. 39, ¶¶ 1, 15, 80-81.

3. In *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit held that challenges to federal agency actions pursuant to the judicial review provisions of the APA are not subject to the use of normal civil trial procedures:

> A district court is not exclusively a trial court. In addition to its *nisi prius* functions, it must sometimes act as an appellate court. Reviews of agency action in the district courts must be processed *as appeals*. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

42 F.3d at 1580; *see also WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009) ("Pursuant to *Olenhouse* . . . , claims under the APA are treated as appeals and governed by reference to the Federal Rules of Appellate Procedure.").

4. In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, *initiated by a complaint* and subjected to discovery and a 'pretrial' motions practice." *Olenhouse*, 42 F.3d at 1579 (emphasis added); *see also N. New Mexicans Protecting Land Water & Rights v. United States*, No. CV 15-0559 JB/LF, 2015 WL 8329509, at *12 (D.N.M. Dec. 4, 2015) ("Furthermore, in

*Olenhouse* . . . , the Tenth Circuit states that a district court's job in APA cases is not to determine which facts are disputed—like it does in the Complaint and Answer procedure, [but] is to act as an appellate court, and to determine whether the agency considered the relevant information or made an arbitrary and capricious decision." (citing *Olenhouse*, 42 F.3d at 1579)).

5. The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is clear that a "Complaint" is an improper vehicle for initiating claims challenging a federal agency action in federal district court. Therefore, Plaintiffs appropriately initiated this litigation though a "Petition for Review of Agency Action," and subsequent "Amended Petition for Review of Agency Action," to which no "Answer" is required under the Federal Rules of Civil Procedure, which are generally inapplicable. *See, e.g.*, *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a complaint, the parties later agreed to proceed as if it properly had been filed as a petition for review of agency action."); *San Diego Cattlemen's Cooperative Ass'n v. Vilsack*, No. 1:14-cv-00818-RB/WPL, 2015 WL 12866452 (D.N.M. Apr. 20, 2015) (denying motion for an order requiring Defendants to answer complaint in APA case); *Day v. Nat. Res. Conservation Serv.*, No. 1:15-CV-01044-JCH-KRS, 2018 WL 6047414, at *5 (D.N.M. Nov. 19, 2018) ("Because the Agency is correct that reviews of agency action must be treated as appeals, the Court will interpret Day's complaint as a 'Petition for Agency Review' and his Brief in Chief as being a memorandum in support of that petition.").

6. Federal Defendants deny all violations of federal law alleged in Plaintiffs' Petition and deny the allegations underlying Plaintiffs' claims that federal laws have been violated. In accordance with *Olenhouse*, the Parties should work to agree on a schedule for production of the Administrative Record and briefing on the merits of Plaintiffs' appeal from the challenged

agency actions for any claims remaining after any potential motions to dismiss are resolved. *See, e.g.*, *WildEarth Guardians*, 668 F. Supp. 2d at 1323 (noting that the case was resolved on the merits based on briefing that "is consistent with the Federal Rules of Appellate Procedure" and the Court's scheduling order).

Respectfully submitted this 2nd day of October, 2024.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Erik Van de Stouwe*
ERIK VAN DE STOUWE
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel.: (202) 305-0247
Erik.Van.de.Stouwe@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 2, 2024, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

                                          */s/ Erik Van de Stouwe*
                                          Attorney for Federal Defendants