# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CITIZENS CARING FOR THE FUTURE,
NEW MEXICO INTERFAITH POWER
AND LIGHT, CENTER FOR
BIOLOGICAL DIVERSITY, and
WILDEARTH GUARDIANS,

    Plaintiffs,

v.                                    Case No. 2:23-cv-00060-MLG-KRS

DEB HAALAND, in her official capacity as
United States Secretary of the Interior, and
UNITED STATES BUREAU OF LAND
MANAGEMENT,

    Defendants,

and

INDEPENDENT PETROLEUM
ASSOCIATION OF NEW MEXICO,

    Intervenor-Defendant.

## MEMORANDUM OPINION AND ORDER

On October 18, 2024, the Court allowed the Independent Petroleum Association of New Mexico ("IPANM") to intervene in this case. *See generally* Doc. 47. The Court's decision was based, in part, on IPANM's averment that neither Plaintiffs nor the federal Defendants (collectively, "BLM") took a position on its request to intervene. *Id.* at 1; *see also* Doc. 43 at 2. That statement was apparently inaccurate. Plaintiffs subsequently filed a Motion for Reconsideration wherein they explained that, while they told IPANM that they took no position on the motion to intervene, they also "reserve[d] the right to file a response upon our review." Doc.

48 at 2 ¶ 2. Plaintiffs also filed their response to IPANM's Motion to Intervene ("Motion"), Doc. 43; Doc. 49, and the organization subsequently filed its reply. Doc. 52.

Having reviewed the parties briefing, it seems that Plaintiffs and IPANM agree that IPANM's omission of Plaintiffs' full position was a mistake, rather than a deliberate choice. *See* Doc. 48 at 2 ¶ 5; Doc. 52 at 1-2. IPANM also indicates that it does not oppose reconsideration with the benefit of full adversarial briefing. Doc. 52 at 2 ("IPANM recognizes and respects Plaintiffs' right to respond to IPANM's motion."). Accordingly, the Court will reconsider its prior order, though the result remains unchanged.[1] Having examined all relevant briefing, including Plaintiffs' Response to [IPANM's] Motion to Intervene ("Response"), Doc. 49, and having held a hearing, *see* Doc. 55, the Court reaffirms its decision to allow IPANM to intervene as of right. The Court additionally finds that IPANM has met its burden for permissive intervention.

## DISCUSSION

Federal Rule of Civil Procedure 24 permits third parties to intervene in federal cases either as of right or permissively. Relevant here, Rule 24(a)(2) provides that the Court must permit a non-party to intervene if it claims an interest in the subject property or transaction, "and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Where parties lack

---

[1] The Court notes that the need for reconsideration and the attendant procedural clutter could have been easily avoided. This District's Local Rules of Civil Procedure require movants to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). Implicit in this directive is the requirement that, once solicited, a party must state with clarity whether the motion is opposed or unopposed. Instead of abiding by this requirement, Plaintiffs indicated that they took no position on the motion, while also reserving their right to file a response. Doc. 48 at 2 ¶ 4. This attempt to create a post-hoc right of opposition does not comply with the spirit of Local Rule 7.1(a). Going forward, the parties to this action must confer in good faith and communicate their positions clearly and unequivocally on a potentially adversarial motion.

standing to intervene of right, Rule 24(b) allows parties to intervene with the Court's permission. The Court may permit intervention where a third party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

IPANM seeks to intervene as of right under Rule 24(a)(2) and permissively under Rule 24(b)(1)(B). Doc. 43 at 7, 12. Plaintiffs oppose both grounds, arguing that IPANM has not satisfied pertinent standards for intervention of right, Doc. 49 at 4-10, and that permissive intervention is inappropriate because IPANM cannot present new evidence that would aid the Court's inquiry. *Id.* at 11-13. Neither argument is persuasive.

**I.  Intervention of Right**

Rule 24(a)(2) requires a nonparty seeking intervention of right to establish "(1) timeliness, (2) an interest relating to the property or transaction [at issue], (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (quotation and citation omitted). The Tenth Circuit "follows a somewhat liberal line in allowing intervention." *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (quotation omitted). The central concern in determining the propriety of intervention is the litigation's practical effect on the potential intervenor. *Barnes*, 945 F.3d at 1121.

**A.  Timeliness**

Mere delay does not render intervention of right untimely; more is required. *Kane Cnty. v. United States*, 928 F.3d 877, 890-91 (10th Cir. 2019); *see also Utah Ass'n of Cntys.*, 255 F.3d at 1250 ("The analysis is contextual; absolute measures of timeliness should be ignored." (citation omitted)). The Tenth Circuit instructs that the timeliness of intervention under Rule 24(a)(2) "is assessed 'in light of all the circumstances, including the length of time since the applicant knew of

3

his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Cntys.*, 255 F.3d at 1250 (quoting *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

In this case, IPANM's request to intervene was not unreasonably delayed. Plaintiffs filed their original complaint on January 23, 2023. Doc. 1. Shortly thereafter, the case was stayed for over a year as Plaintiffs and BLM attempted to negotiate a settlement. *See* Doc. 31 at 1-2. IPANM learned of its interest in the case during that period, after BLM rescinded an approved drilling permit from one of its members. Doc. 43 at 8. According to Plaintiffs, the cancellation of that permit occurred in January 2024. Doc. 49 at 4. After settlement negotiations failed in June of 2024, *see* Doc. 31 at 2, Plaintiffs filed their Amended Complaint on September 18, 2024, Doc. 39, which BLM answered on October 2, 2024. Doc. 41. IPANM sought to intervene on October 8, 2024, just six days later. Doc. 43.

IPANM became aware of its interest in this case approximately nine months before it sought to intervene, during the pendency of the on-going stay. At that time, IPANM's intervention would have been futile because the substantive proceedings were on hold while Plaintiffs and BLM attempted to negotiate a settlement. After the case resumed with the filing of the Amended Complaint, IPANM promptly sought to intervene. *See* Doc. 31; Doc. 43. IPANM's request to intervene cannot be reasonably characterized as delayed or untimely in these circumstances.

Further, any delay caused by IPANM's request to intervene is not prejudicial to other parties. To date, a scheduling order has not been entered under Federal Rule of Civil Procedure 16 and no substantive litigation deadlines have been set. Additional case administration will not occur until IPANM's Motion is resolved. *See* Doc. 54. IPANM's entry in the case will not delay the proceedings in any meaningful way, and certainly not more than the lengthy stay put in place while

4

Plaintiffs negotiated with BLM. *See Utah Ass'n of Cntys.*, 255 F.3d at 1251 (finding no prejudice where no scheduling order had been entered, no trial date set, and no motions deadlines established). Critically, Plaintiffs fail to articulate how any delay created by IPANM will prejudice the proceedings or the parties. The Court therefore finds that IPANM's Motion is timely.

B. **IPANM's Interest in the Case**

The Tenth Circuit requires that an intervenor's interest in the proceedings be "direct, substantial, and legally protectable." *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quotation and citation omitted). An intervenor's interest in a given case is protectable when it "would be impeded by the disposition of the action." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (quotation and citation omitted). The determination of whether an applicant's interest justifies Rule 24(a)(2) intervention is a fact-specific inquiry. *Barnes*, 945 F.3d at 1121. Practical resolution of the lawsuit by involving as many parties as possible, subject to the concerns of efficiency and due process, is the relevant analytic touchstone. *See id.*

IPANM argues that it has an interest in this case because its "members own a significant number of the subject oil and gas leases" issued by BLM. Doc. 43 at 9. Since Plaintiffs seek to impede those lease interests, IPANM and its membership will suffer major economic losses. *Id.* In support of this argument, IPANM provided a declaration from its executive director, Jim Winchester, establishing that it represents the interests of independent oil and gas producers in New Mexico, including several producers who successfully bid on and were issued relevant lease parcels. *See* Doc. 43-1 at 1 ¶ 3, 3 ¶ 12. Winchester further states that IPANM members have invested significant resources to obtain the leases and develop the underlying resources. *Id.* at 3 ¶ 13.

In response, Plaintiffs argue that IPANM has not established its interest with sufficient specificity to warrant intervention of right because IPANM's filings do not identify particular members who bid on leases or face a risk of loss as a result of this lawsuit. Doc. 49 at 5-6. Since IPANM does not identify which of its members possess affected leases, Plaintiffs assert that it lacks the requisite interest. *Id.* at 6-7.

Notably, Plaintiffs do not provide any controlling authority requiring an organizational intervenor to identify specific members with particularized interests in the case. To the contrary, the Tenth Circuit holds that organizations representing memberships with broad interests in environmental litigation meet Rule 24(a)(2)'s standard, even where specific members are not identified as intervenors. *See, e.g.*, *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) ("With respect to Rule 24(a)(2), we have declared it 'indisputable' that a prospective intervenor's environmental concern is a legally protectable interest." (citation omitted)). Associations may seek relief on behalf of their members where the membership and organizational interests are aligned. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 169 (2000). Moreover, "[t]he threat of economic injury from the outcome of litigation undoubtedly gives the petitioner the requisite interest." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002). So, under the fact-intensive inquiry required here, *Barnes*, 945 F.3d at 1121, the Court does not look to whether IPANM identifies specific members, but rather whether it has met its burden to establish a direct, substantial, and legally protectable interest.

IPANM and its membership's positions are aligned, as IPANM's mission is to protect and advance independent oil and gas producers in New Mexico. Doc. 43-1 at 2 ¶¶ 5-8. IPANM's economic interests, as manifested through its membership, would be harmed if Plaintiffs succeed

6

in invalidating the challenged leases. Winchester's declaration establishes—and Plaintiffs provide no evidence to the contrary—that IPANM members bid successfully on challenged lease parcels and subsequently invested significant economic resources to develop them. *Id.* at 3 ¶¶ 12-13. If those leases are voided and BLM enjoined from issuing drilling permits, IPANM members will lose their ability to develop and market oil and gas resources on the subject leases. *Id.* at ¶ 14.

Loss of prior investments and the threat of future economic harm are direct and substantial economic interests, not mere policy concerns. *See Utahns for Better Transp.*, 295 F.3d at 1116 (holding that an organization whose members had contracts that would be affected by the case had the requisite interest under Rule 24(a)(2)); *see also Nat. Res. Def. Couns. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978) (allowing the American Mining Congress to intervene where its membership had economic interests in the outcome of the litigation). As such, they are legally protectable interests sufficient to satisfy Rule 24(a)(2), and so the Court holds that IPANM has an interest in this litigation that justifies its intervention.

### C. Potential Impairment of IPANM's Interest

The third element for intervention of right is whether the intervenor's interests "may be impaired or impeded by the pending litigation[.]" *W. Energy All.*, 877 F.3d at 1167. "This element 'presents a minimal burden.'" *Id.* (quoting *WildEarth Guardians*, 604 F.3d at 1199). The movant need only show that it is "possible" that its interests will be impaired. *Id.* This factor is satisfied in environmental litigation "where the district court's decision would require the federal agency to engage in an additional round of administrative planning and decision-making that itself might harm the movants' interests[.]" *Id.*

In this case, Plaintiffs seek judicial review of BLM's compliance with the National Environmental Protection Act ("NEPA"), 42 U.S.C. § 4332, in its issuance of oil and gas leases.

7

*See* Doc. 39 at 60-63. Plaintiffs ask the Court to declare that BLM's leasing decisions violated NEPA and to vacate all relevant leases pending further NEPA review. *Id.* at 63 ¶¶ A, B. In other words, Plaintiffs ask the Court for a decision requiring BLM to engage in additional rounds of administrative proceedings. Those proceedings will necessarily impair IPANM's interests because the existing leases and drilling authorizations owned by IPANM members would be voided with no guarantee of reissue. These circumstances are analogous to those in *Western Energy Alliance*, where the Tenth Circuit found that environmental groups' interests in the Bureau of Land Management's statutory and administrative leasing procedures would be impaired if the Court required the Bureau to change the policies implementing those procedures. 877 F.3d at 1168.

While Plaintiffs do not ask the Court to require BLM to change its policies in this case, they do ask the Court to declare that prior administrative decisions were unlawful and to then order equitable relief which would require further administrative review under NEPA. Doc. 39 at 63-64. A potential court order requiring further administrative proceedings which would harm an intervenors' interests satisfies Rule 24(a)(2)'s impairment requirement. *W. Energy All.*, 877 F.3d at 1168. Accordingly, IPANM has met its minimal burden to show that its interest would be impaired.

### D. Inadequacy of Representation

Intervenors must show that their interests will not be adequately represented by existing parties. *Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 844. As with the impairment requirement, this burden is minimal. *Id.*; *see also WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009) (noting that "[t]he possibility of divergence of interest need not be great" (quotation omitted)). This burden is further reduced when the government is the entity purportedly representing the intervenor's interest because a government agency's position is not guaranteed to remain static and may be affected by policy shifts, creating the possibility of inadequate

representation if the government's interest diverges from the intervenor. *W. Energy All.*, 877 F.3d at 1168; *see also Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 247 (D.N.M. 2008). In those situations, "the government cannot adequately represent the interests of a private intervenor *and* the interests of the public." *W. Energy All.*, 877 F.3d at 1168.

Here, IPANM is a private intervenor with a direct economic interest in the continued viability of BLM's oil and gas leases. BLM is the existing party that would most align with IPANM. And while BLM shares IPANM's concerns to an extent, it has broader obligations to manage lands that do not necessarily coincide with IPANM's narrow goal of protecting its members' economic interest in oil and gas development. *See, e.g.*, 43 U.S.C. § 1732 (setting BLM's statutory land management responsibilities). In fact, BLM's position already diverged from IPANM in this case when BLM agreed to suspend the approval of drilling permits during settlement discussions—a decision that impeded IPANM members' ability to develop their leases. Doc. 52 at 5-6. This divergence shows a distinct possibility that BLM will not serve IPANM's interests.

Plaintiffs attempt to show that BLM can adequately represent IPANM by narrowly framing this case as nothing more than a request for review of BLM's NEPA compliance. Doc. 49 at 10. Plaintiffs argue that BLM and IPANM are aligned because neither party seeks further NEPA review. *Id.* But that framing does not capture the whole picture. Plaintiffs seek broad declaratory and injunctive relief that would negate existing leases and drilling permits while requiring BLM to engage in an additional lengthy NEPA review. *See generally* Doc. 39 at 60-64. BLM has already taken action that negatively impacted IPANM members in an attempt to reach a settlement with Plaintiffs. Doc. 52 at 5-6. Considering the requested relief, it is easy to foresee circumstances

9

where BLM's statutory obligations and litigation positions may again diverge from IPANM. Accordingly, IPANM will not be adequately represented absent its intervention.

Rule 24(a)(2)'s final requirement is satisfied. IPANM has a right to intervene in this case, and so, the Court must permit it to do so. *See* Rule 24(a)(2).

**II.  Permissive Intervention**

IPANM also seeks permissive intervention under Rule 24(b)(1)(B), which allows the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The decision to permit a party to intervene under Rule 24(b) rests within the Court's discretion. *Tri-State Generation & Transmission Ass'n, Inc. v. N.M. Pub. Regul. Comm'n*, 787 F.3d 1068, 1075 (10th Cir. 2015). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Additionally, the Court may consider whether "existing parties adequately protect the prospective intervenors' interests[.]" *Am. Ass'n of People with Disabilities*, 257 F.R.D. at 249 (citing *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996)). Under the relevant criteria, IPANM may permissively intervene in this case.

The threshold issue for permissive intervention is commonality. *See* Fed. R. Civ. P. 24(b)(1)(B). The core issue in this case is whether BLM complied with NEPA when it issued the subject oil and gas leases. As a representative of oil and gas producers who hold those leases, IPANM has a common interest in defending BLM's administrative leasing processes. IPANM will undoubtedly argue that BLM complied with NEPA and other administrative requirements in issuing the leases. Further, as the representative of the actual leaseholders, IPANM will provide an important perspective otherwise lacking from this litigation. IPANM's common claim—that BLM

was lawful in its decision to issue the subject leases—therefore satisfies Rule 24(b)(1)(B)'s commonality requirement.

Next, IPANM meets the mandatory criteria for permissive intervention: delay and prejudice. *See* Fed. R. Civ. P. 24(b)(3). As discussed above, IPANM's request to intervene is timely and occurred before the Court set any scheduling deadlines. Plaintiffs do not offer any argument that undue delay would result from IPANM's intervention. *See* Doc. 49 at 11-13. Plaintiffs similarly fail to explain how IPANM's intervention would prejudice their rights or those of BLM. *Id.* at 11-12. In contrast, IPANM points out that its viewpoint will provide the Court with the perspective of those entities who stand the most to lose from an adverse decision; namely, the current holders of the subject oil and gas leases. *See* Doc. 43 at 12. Accordingly, the Court finds that IPANM's permissive intervention will neither delay these proceedings nor will it prejudice the rights of the existing parties.

Plaintiffs' chief argument appears to be directed towards the discretionary criteria that evaluates whether IPANM will be adequately represented by the existing parties. *See* Doc. 49 at 11 (citing *City of Stilwell*, 79 F.3d at 1043). As discussed above, BLM will not provide adequate representation of IPANM's interests. However, Plaintiffs also contend that because IPANM did not participate in the underlying administrative proceedings, it did not contribute to the administrative record, and therefore has nothing to add to the case. *Id.* at 12. Plaintiffs reason that because IPANM did not participate below, BLM is the only proper adversarial party as the agency that conducted the proceedings. *See id.* at 12-13. Further, Plaintiffs argue that any attempts by IPANM to supplement the administrative record would be improper. *Id.* at 13-14.

Plaintiffs seek to impose a condition that IPANM must have actively participated in the underlying administrative proceedings to establish itself as a part of the existing record. *Id.* at 14.

11

Plaintiffs offer no authority in support of this argument, and the Court will not read a prudential requirement into its discretionary authority to permit intervention under Rule 24(b)(1)(B). Plaintiffs' argument also presumes that IPANM will seek to supplement the administrative record or otherwise introduce extraneous evidence in these proceedings. *Id.* This assumption can be addressed at an appropriate time, namely if IPANM ever attempts to supplement the record. And in any case, IPANM does not indicate that it seeks to admit extra-record evidence.[2] Instead, it requests to intervene in order to advance its common claim regarding the oil and gas leases approved by BLM. *See* Doc. 43 at 12. Accordingly, the Court finds that IPANM has met the requirements for permissive intervention.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion for Reconsideration. Doc. 48. Having reconsidered its original order on this matter, Doc. 47, the Court concludes that IPANM may intervene of right under Rule 24(a)(2) and permissively under Rule 24(b)(1)(B). IPANM's Motion to Intervene, Doc. 43, is granted, and the case caption used in this order shall be adopted for future proceedings.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[2] While the general rule is that extra-record evidence is inadmissible in administrative review proceedings, there are limited circumstances that justify the admission of such evidence. *See Am. Mining Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985). So, even if IPANM seeks to supplement the record, its request to do so would not be per se improper.