IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITIZENS CARING FOR THE FUTURE; NEW
MEXICO INTERFAITH POWER AND LIGHT;
CENTER FOR BIOLOGICAL DIVERSITY; and
WILDEARTH GUARDIANS,

    *Plaintiffs*,

v.                                                                 No. 2:23-cv-60-MLG-KRS

DEB HAALAND, in her official capacity as U.S.
Secretary of the Interior; and UNITED STATES
BUREAU OF LAND MANAGEMENT,

    *Federal Defendants*,

    and

INDEPENDENT PETROLEUM ASSOCIATION OF
NEW MEXICO,

    *Intervenor-Defendant*.

## **RENEWED INITIAL SCHEDULING ORDER**

    This case is before the Court for scheduling, case management, and other non-dispositive matters. A telephonic scheduling conference will be conducted on **February 12, 2025 at 10:00 a.m.** (Mountain Time). Counsel for Parties and Intervenors are directed to dial **855-244-8681**, and enter Meeting # **2300 989 9447** to be connected.

    The Parties and Intervenor shall "meet and confer" no later than **January 24, 2025** to formulate a provisional plan for addressing the Amended Petition For Review Of Agency Action [39]. Following their "meet and confer," the Parties and Intervenor are to cooperate in preparing a *Joint Status Report ("JSR")*, setting forth areas of agreement and disagreement regarding the procedure to be used in resolving the claims in the Amended Petition. The Federal Defendants are

responsible for filing the JSR, which shall be filed by **February 3, 2025.** The initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1) do not apply.

If the Parties and Intervenor agree that Plaintiffs' claims are to be treated as appeals and governed by reference to the Federal Rules of Appellate Procedure, as set forth in *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994), then the JSR should propose a briefing schedule that includes at least the following:

(1)     Deadline for the Federal Defendants to file the applicable Administrative Record with the Court.

(2)     Deadline for Plaintiffs and/or Intervenor to submit motions contesting the content of the Administrative Record.

(3)     Deadline for the Federal Defendants to respond to any motions to contest the contents of the Administrative Record.

(4)     Deadline for any replies in support of any motions contesting the content of the Administrative Record.

(5)     A substantive briefing schedule that will follow the Court's ruling on any motions contesting the content of the Administrative Record.

(6)     A statement identifying the rules that will apply to the page length, formatting, citations, etc. for the Parties' and Intervenor's briefs (e.g., Federal Rules of Appellate Procedure versus Local Rules of this Court).

Actual procedures and dates will be promulgated by order of the Court to be entered after the scheduling conference is held. At the scheduling conference, Counsel for the Parties and Intervenor should be prepared to discuss scheduling issues, all claims and defenses, settlement prospects, alternative dispute resolution possibilities, and any other matters they may wish to bring

to the attention of the Court. Parties represented by counsel may, but are not required to, attend the telephonic scheduling conference.

Good cause must be shown, and the express written approval obtained from the Court, for any modifications of the dates in the scheduling order that issues from the JSR.

**ORDERED** this 19th day of December, 2024.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE